UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AT MARSHALL

| | |
|---|---|
| **DANIEL ALAN DODSON, Individually and as Next Friend of KATHERYN SCOTT DODSON, a Minor Child; and SERRAH HOLLIS DODSON,** § § § § § | |
| Plaintiffs, § | |
| § | NO. _____ |
| vs. § | |
| § | |
| **PAYTON SAIGE METCALF,** § § | |
| Defendant. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs **DANIEL ALAN DODSON, Individually and as Next Friend of KATHERYN SCOTT DODSON, a Minor Child,** and **SERRAH HOLLIS DODSON** (hereinafter referred to as the "Dodson Family"), complaining of Defendant **PAYTON SAIGE METCALF** (hereinafter referred to as "Defendant"), and for cause of action would respectfully show unto the Court and Jury as follows:

### I.
### PARTIES

1. Plaintiffs **DANIEL ALAN DODSON** and **SERRAH HOLLIS DODSON** are a married couple who reside in Loganville, Walton County, Georgia, with their minor daughter **KATHERYN SCOTT DODSON**.

2. Defendant **PAYTON SAIGE METCALF** is an individual who resides, and may be served with process, at 12653 Hillcrest Road, Tyler, Smith County, Texas 75708, or wherever she

may be found.

## II.
## STATEMENT OF JURISDICTION AND VENUE

3. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that Defendant is now and was at the time the action was commenced diverse in citizenship from the Plaintiffs. Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

4. Venue is proper in this Court, because the wreck occurred in the Eastern District of Texas, Defendant resides therein, and Plaintiffs received treatment for their injuries therein.

## III.
## FACTS

5. On or about May 9, 2019, the Dodson Family was traveling west in the left lane of Interstate Highway 20 in Smith County, Texas, when Defendant—who was also driving west on IH-20—failed to control her speed or maintain her lane of travel and crashed into the back of the Dodson Family's car (the "Crash in Question"). As a result of the crash, all three members of the Dodson family were severely injured and transported by ambulance to a hospital for treatment.

## IV.
## CAUSES OF ACTION

### A. Defendant's Negligence

6. The Dodson Family incorporates by reference, as if restated herein in their entirety, all paragraphs above.

7. Upon information and belief, Defendant's negligent and gross negligent conduct proximately caused the Crash in Question. More specifically, Defendant was negligent and grossly negligent in at least the following ways:

    (a)    using a wireless communications device while driving;

    (b)    driving while distracted;

    (c)    failing to control her speed;

    (d)    failing to maintain her lane of travel;

    (e)    failing to keep a proper look out;

    (f)    failing to pay attention to traffic;

    (g)    failing to maintain control of her vehicle;

    (h)    driving into another lane of travel occupied by another vehicle;

    (i)    failing to timely apply brakes;

    (j)    failing to exercise the degree of care, skill, and confidence that a reasonable and ordinary person would exercise under similar circumstances;

    (k)    failing to exercise reasonable care to avoid a foreseeable risk of injury to other persons;

    (l)    operating her vehicle without regard to the rights of others; and

    (m)    failing to pay attention to the roadway and to give heed to the surroundings.

8. Each of the above acts or omissions, singularly or in combination with others, constitutes negligence and/or gross negligence, which proximately caused the Dodson Family's injuries and damages.

### B. Defendant's Negligence Per Se

9. The Dodson Family incorporates by reference, as if restated herein in their entirety, all paragraphs above.

10. One or more of the above-listed negligent and/or gross negligent acts and omissions of Defendant also constitute statutory violations that are negligence per se. Upon information and belief, Defendant's statutory violations include the following:

a. Defendant failed to drive within a single lane of travel and failed to move from the lane when it could be done safely in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN., Title 7, § 545.060;

b. Defendant failed to maintain an assured clear distance between her car and the Dodson Family's car in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. § 545.062;

c. Defendant drove the car at a speed greater than is reasonable and prudent under the circumstances then existing in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. § 545.351;

d. Defendant drove the car in willful and wanton disregard, and conscious indifference, to the rights, welfare, and safety of the Dodson Family in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. § 545.401; and

e. Defendant used a portable wireless communications device while operating a motor vehicle, in violation of the laws of the State of Texas, including TEX. TRANS. CODE ANN. § 545.4251.

11. Defendant's negligent acts and omissions and statutory violations, as set out herein, separately and collectively, were a direct and proximate cause of the Crash in Question and resulted in the injuries and damages sustained by the Dodson Family.

## C. Defendant's Gross Negligence

12. The Dodson Family incorporates by reference, as if restated herein in their entirety, all paragraphs above.

13. Each of Defendant's above-listed acts, omissions, and statutory violations, singularly or in combination with others, constitutes gross negligence, which proximately caused the Dodson Family's injuries and damages.

14. As a result of the above-listed acts, omissions, and statutory violations, the Dodson Family intends to show by clear and convincing evidence that Defendant was grossly negligent, because (i) her acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (ii) she had actual, subjective

awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the Dodson Family.

## V.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

15. The Dodson Family claims all lawful pre-judgment and post-judgment interest on their damages.

## VI.
## DODSON FAMILY'S DAMAGES

16. As a result of Defendant's negligence, gross negligence, and negligence per se, each involved member of the Dodson Family has suffered the following injuries and damages, in the past and future:

    a. pain and suffering;

    b. mental anguish;

    c. physical impairment;

    d. necessary medical, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices;

    e. loss of earnings and/or earning capacity; and

    f. punitive damages.

## VII.
## JURY DEMAND

17. Plaintiffs hereby demand a jury trial on the issues in this case and respectfully request that this cause be placed on the Court's Jury Docket and the appropriate fees have been tendered.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, the Dodson Family prays that Defendant be cited to appear and answer herein and that upon the trial of this cause that the Dodson Family

has judgment against Defendant for all of their damages as set out herein, pre-judgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, and for such other and further relief, both general and special, either at law or in equity, to which the Dodson Family may show themselves justly entitled.

Respectfully submitted,

**CLARK & McCREA**

By: */s/ Mitchell E. McCrea*
**COLLEN A. CLARK**
State Bar No. 04309100
**MITCHELL E. McCREA**
State Bar No. 24041435
**JACOB L. von PLONSKI**
State Bar No. 24098554

3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Fax
eservice@clarkmccrea.com
mitch@clarkmccrea.com
jake@clarkmccrea.com

**-AND-**

**LAW OFFICE OF JOSH B. MANESS**

By: */s/ Josh B. Maness*
**JOSH B. MANESS**
State Bar No. 24046340

480 West Texas Avenue
Waskom, Texas 75692-9274
903-412-3207
josh@joshmaness.com

**ATTORNEYS FOR PLAINTIFFS**